' J. W. GILMORE v. THE STATE.

No. 6442.  Decided November 23, 1921.

Rehearing denined January 25, 1922.

#### 1.—Intoxicating Liquors—Transportation—Practice on Appeal—Indictment.

The question of conflict in the provisions of the State and Federal law has been adversely decided to the contention of appellant, following Ex Parte Gilmore, 88 Texas Crim. Rep., 529, 228 S. W. Rep., 199.

#### 2.—Same—Indictment—Motion to Quash—Duplicatious Pleading, etc.

Where, upon motion for rehearing, the appellant insisted that the indictment was duplicitious, *held*: that where a motion to quash, or motion in arrest of judgment was not presented during the trial, appellant cannot raise the same in a motion in this court. Following Berlinger v. State, 6 Texas Crim. App., 181, and other cases.

#### 3.—Same—Rule Stated—Motion in Limine.

The uniform holding of this court is that an objection of this character must be raised in limine and not in this court. Following Coney v. State, 2 Texas Crim. Rep., 62.

Appeal from the District Court of Collin.　Tried below before the Honorable F. E. Wilcox.

Appeal from a conviction of transporting intoxicating liquors; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Reed Williams,* for appellant.—Cited: Jasper v. State, 164 S. W. Rep., 851.; Ryan v. State, 176 id., 49; Scales v. State, 46 Texas Crim. Rep., 301.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Collin County of the offense of transporting intoxicating liquor in violation of what is known as the Dean Law, and his punishment fixed at one year in the penitentiary.

The case is before us on appeal without any statement of facts or any bill of exceptions.　Appellant's motion to quash the indictment, based on an alleged conflict in the provisions of the Dean Law with the Eighteenth Amendment to the Federal Constitution, was properly overruled.　The question has been passed upon by us adversely to the contention of appellant as appears from his motion.　Ex parte Gilmore, 88 Texas Crim. Rep., 529, 228 S. W. Rep., 199.

No error appearing in the record the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

January 25, 1922.

LATTIMORE, JUDGE.—In a motion for rehearing it is insisted that this case should be reversed and dismissed because of the fact that the indictment appears to be duplicitous, and charge in one count several district offenses.　An examination of the motion to quash, presented by the appellant, makes it plain that no such objection was urged to the indictment either by motion to quash or in arrest of judgment.　The uniform holding of this court seems to be that an objection of this character must be urged *in limine.*　Coney v. State, 2 Texas Crim. App., 62; Berliner v. State, 6 Texas Crim. App., 181; Rumage v. State, 55 S. W. Rep., 64; Cabineus v. State, 66 Texas Crim. Rep., 409, 146 S. W. Rep., 934; Green v. State, 147 S. W. Rep., 593. This being the only question raised by this motion, and being of opinion that appellant's position is not sustained, the motion for rehearing will be overruled.

*Overruled.*